14574

STATE v. JONES

(194 S. E., 11)

*Messrs. John E. Stansfield* and *James H. Fanning,* for appellant, cite:

*Mr. B. D. Carter, Solicitor,* for the State, cites:

November 29, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted in the Court of General Sessions for Aiken County of the crime of being accessory before the fact to housebreaking and grand larceny, and receiving stolen goods. The case was tried by Judge Rice. Notice of intention to appeal was given, but the appeal was never perfected, and at a subsequent session of the Court was dismissed by order of Judge Featherstone, then presiding. Thereafter, notice of motion for new trial on after-discovered evidence was given, to be heard by Judge Featherstone; he referred it for hearing to Judge Rice with · the remark that such matters should be heard by the judge who tried the case. Judge Rice heard the motion on the record and certain affidavits. In due time he filed his order overruling the motion, saying: "Upon due consideration thereof, and the law applicable thereto, I am convinced that

the showing made is not sufficient to justify this Court in granting a new trial to the defendant, and the motion must be denied."

The defendant appeals from this order upon twelve exceptions, but not nearly so many questions are made thereby. Most of the exceptions, as well as the argument of counsel, relate to the force and effect of the evidence taken at the trial at which the defendant was convicted. With that matter this Court can have no concern. The jury decided those questions. In fact we think the record presents but one question of law that we are called on to decide, viz.: Did Judge Rice abuse his discretion in overruling the motion? And in that question are involved the subsidiary questions, viz.: Was there presented new and relevant evidence which would probably change the result? Did the movant exercise due diligence to discover this evidence?

In the case of *McCabe v. Sloan,* 184 S. C., 158, 191 S. E., 905, there is found a statement of the things necessary to be shown by the movant who seeks a new trial on after-discovered evidence.

Quoting from 20 R. C. L., 290, § 72, the rule is thus stated: "In order to warrant the granting of a new trial on the ground of after-discovered evidence it must appear, (1) That the evidence is such as will probably change the result if a new trial is granted. (2) That it has been discovered since the trial. (3) That it could not have been discovered before the trial by the exercise of due diligence. (4) That it is material to the issue. (5) That it is not merely cumulative or impeaching."

We have carefully considered the new evidence alleged to be set out in the record, and find, as judged by the standard quoted from the *McCabe v. Sloan* case, *supra,* which rule is established in this jurisdiction, that the Judge did not err and did not abuse his discretion in overruling the motion.

Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.